Case 2:23-cv-00006-JRG    Document 1-1    Filed 01/05/23    Page 2 of 16 PageID #: 26

Filed: 11/30/2022 4:57 PM
Sherry Griffis
District Clerk
Harrison County, Texas
Lori Hightower
Deputy

CAUSE NO. 22-1032

| | | |
|---|---|---|
| **LAKENDRICK JOHNSON, Individually and as next friend of KENDAVIAN JOHNSON, JAMES JENKINS, and BRANDON SMITH** | § § § § § | **71ST DISTRICT COURT** |
| **vs.** | § § | **IN AND FOR** |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** | § § § | **HARRISON COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** LAKENDRICK JOHNSON, Individually and on behalf of KENDAVIAN JOHNSON, JAMES JENKINS, and BRANDON SMITH complaining of and about ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and for cause of action would show the following:

### DISCOVERY CONTROL PLAN LEVEL
### JURY DEMAND & SPECIFIC STATEMENT OF RELIEF

1. In compliance with Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs aver that discovery be conducted pursuant to Level 3.

2. Plaintiff requests a trial by jury and will accept whatever damages a jury determines is reasonable in this cause. Solely for the purpose of complying with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of $100,000 or less.

### PARTIES AND SERVICE

3. Plaintiff, LAKENDRICK JOHNSON, brings this action individually and as next friend for his son, Kendavian Johnson. Plaintiff resides in Harrison County, Texas.

4. Plaintiff, KENDAVIAN JOHNSON, is a minor. His father is Lakendrick Johnson and his representative in this suit.

5. Plaintiff, JAMES JENKINS, brings this action individually. Plaintiff resides in Harrison County, Texas.

6. Plaintiff, BRANDON SMITH, brings this action individually. Plaintiff resides in Harrison County, Texas.

7. Defendant, ALLSTATE, a domestic insurance carrier authorized to conduct the business of insurance in Texas, may be served with process by serving its registered agent for service of process, CT CORPORATION SYSTEM, 1999 BRYAN ST, STE 900, DALLAS, TEXAS 75201-3136.

## JURISDICTION AND VENUE

8. This suit is brought in accordance with the laws of the State of Texas for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court.

9. Venue is proper in Harrison County, Texas under the general venue statute, Texas Civil Practice and Remedies Code section 15.002(a)(2), as the cause of action accrued in Harrison County, Texas.

## FACTS

10. On February 17, 2021, Lakendrick Johnson, James Jenkins, Kendavian Johnson and Brandon Smith, were at the gas station purchasing gasoline. The four men were inside Lakendrick Johnson's vehicle while it was filled with gas. Suddenly, without warning, the canopy above the fuel pumps collapsed and fell onto the Plaintiffs causing bodily injury. Plaintiffs immediately sought medical care for their injuries and incurred reasonable and necessary medical care expenses.

11. At the time of incident, Lakendrick Johnson's vehicle was insured under a policy with Defendant Allstate. The policy was issued in Mr. Johnson's name and was policy number

Copy from re:SearchTX

886479614. All premiums for the policy had been paid and the policy was in full force and effect at all relevant times.

12. The Allstate policy included Personal Injury Protection ("PIP") benefits of $2,500.00 per person. A claim for PIP benefits was opened for all 4 Plaintiffs. In support of the PIP claims, each Plaintiff presented incurred medical care expenses for reasonable and necessary medical care causally related to the incident.

13. After receiving Plaintiffs' PIP claims, Defendant Allstate failed to timely pay PIP benefits and and/or failed to pay the total benefits owed under the contract. Allstate, wrongly denied Plaintiffs PIP benefits based on collateral sources.

14. In the case of Brandon Smith, Allstate received a PIP request and wrongly reduced the bill from Medical Imaging Consultants from $126.00 to $119.00. That withheld balance was not paid until almost a year later.

15. In the case of James Jenkins, Allstate received a PIP request and wrongly reduced the bill from Christus GSMC from $2,188.00 to $1,422.20. Allstate also received a PIP request and wrongly reduced the bill from the City of Marshall EMS from $1,130.00 to $1,1005.00. Those withheld balances were not paid until over a year later.

16. In the case of Lakendrick Johnson, Allstate received the exact same PIP requests and amounts that were submitted by James Jenkins. The requests and amounts were identical because the treatment was identical (ambulance and emergency room). The withheld balance of $72.80 has never been paid.

17. In the case of Kendavian Johnson, Allstate received PIP requests and allegedly paid medical providers directly. However, despite numerous requests, no information has been provided by Allstate to their insured to identify payments made. Plaintiffs believe the full PIP

coverage of $2,500.00 has not been exhausted despite bills in excess of the benefit limit.

## CAUSES OF ACTION

18. The acts of Defendant as outlined above are a breach of the insurance policy, statutory violations of the Texas Insurance Code and violations of the Texas Deceptive Trade Practices Act. The acts of Defendant have caused Plaintiffs to suffer damages.

19. Defendant or its agents or employees relied on collateral sources such as Coventry Network, FH Charge Benchmark Database, etc. to artificially reduce the amount of reasonable medical care expenses paid to Plaintiffs under the policy's PIP coverage. These actions violate the Texas Insurance Code.

20. Defendant or its agents or employees failed to conduct a timely investigation, failed to conduct a reasonable investigation, unreasonably delayed payment of the benefits of the policy, failed to provide to the policyholder a reasonable explanation for the basis of denying a claim, and failed to promptly and equitably pay or order payment of a claim once liability became reasonably clear. These acts or omissions are violations of the Texas Insurance Code.

21. Plaintiffs are consumers. The acts of Defendant, as outlined above, are violations of §17.50, *Tex. Bus. & Comm. Code*, in that they are violations of §17.46 (5), (12), (14), and (24), or of §541.060 and §541.061 *Tex. Ins. Code*, as outlined in the paragraphs above. Each and all of these acts were done knowingly and were a producing cause of damages to Plaintiff.

## DAMAGES

22. PIP benefits due to be paid to Plaintiffs under the contract of insurance were delayed and a portion are still due. Plaintiffs suffered the loss of use of the money for that period, and these damages are measured as interest.

Copy from re:SearchTX

23. Plaintiffs seek all available statutory penalties, including recovery of up to three times the amount of the actual damages.

24. Plaintiffs seek statutory penalties of eighteen percent (18%) of the benefit per annum, from the date the claim should have been acknowledged, or from the date the claim should have been accepted, until the date it was/is paid.

25. Plaintiffs seek reasonable and necessary attorneys' fees as authorized by statute. Plaintiffs had to engage the services of the undersigned counsel at an hourly rate of $350 per hour, which is a reasonable rate for such services in this locality. See §37.009 of Tex. Civ. Prac. & Rem. Code.

26. Plaintiffs seek recovery of court costs including the filing of this Petition ($350.00) and Service Costs ($93.00) as well as pre-judgment and post-judgment interest at the highest rates allowed by law.

## PRODUCTION OF DOCUMENTS SELF-AUTHENTICATING

Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment for all elements of compensatory damages to which it is entitled, additional damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest at the highest rate, and to the maximum extent permitted by law, statutory penalties, all costs and expenses associated with the prosecution of this action, court costs, and such other and further

Copy from re:SearchTX

remedies, whether at law or in equity, general and special, to which Plaintiffs may show they are justly entitled to receive.

Respectfully submitted,

/s/ Casey Q. Carlile
_____
CASEY Q. CARLILE
State Bar No. 24025868

CARLILE LAW FIRM
115 North Wellington Street, Ste. 210
Marshall, Texas 75670
Telephone: (903) 938-1655
Facsimile: (903) 938-0235
ccarlile@carlilelawfirm.com

Copy from re:SearchTX